IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CANDICE E.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No 6:20-cv-01082-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Candice E. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. 401-34. Full consent to Magistrate jurisdiction was entered on August 3, 2020. The Commissioner concedes that this case should be remanded but asserts that further proceedings are necessary. For the reasons below, the Commissioner's decision is REVERSED and REMANDED for immediate calculation and payment of benefits.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties, and any relations, in this case.

Page 1 of 9 – OPINION and ORDER

## BACKGROUND[2]

Plaintiff protectively applied for benefits on September 4, 2014, alleging a disability onset date of December 18, 2012. Tr. 13, 164. The Commissioner denied the claim initially and upon reconsideration. Tr. 67-100. Plaintiff requested a hearing before an administrative law judge ("ALJ"). Tr. 113. After holding a hearing, ALJ Rauenzahn issued a decision dated May 10, 2017, that Plaintiff was not disabled. Tr. 10-32. The Appeals Council denied Plaintiff's request for review of that ALJ decision on May 24, 2018, and ALJ Rauenzahn's decision became the final decision of the Commissioner. Tr. 1-6. Plaintiff appealed to this Court. Tr. 873-75. The Court reversed ALJ Rauenzahn's decision and remanded Plaintiff's claim to the Commissioner for further proceedings. Tr. 877-96. On remand, ALJ Weatherly issued a decision dated April 28, 2020, that Plaintiff was not disabled. Tr. 805-25. Plaintiff timely appealed to this Court. Tr. 806; Doc. No. 1.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

---

[2] The following recitation constitutes a summary of the pertinent evidence within the Administrative Record and does not reflect any independent finding of fact by the Court. Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 9.

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not

> disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ, Katherine Weatherly, made the following findings:

1. Plaintiff last met the insured status requirements of the Social Security Act on June 20, 2015. Tr. 810.

2. Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date of December 18, 2012, through her date last insured of June 30, 2015.

3. Plaintiff has the following severe impairments: obstructive sleep apnea; idiopathic hypersomnia versus fatigue; diabetes mellitus; obesity; asthma; major depression; and anxiety. Tr. 811.

4. Through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.

5. Through the date last insured, Plaintiff had the residual functional capacity to perform a range of sedentary work, except she could not climb ladders, ropes, or scaffolds. She could occasionally balance, stoop, kneel, crouch, or crawl. She could frequently push/pull with the bilateral upper extremities. She could engage in gross manipulation frequently. She had to avoid workplace hazards, including unprotected heights, or dangerous machinery. She had to avoid exposure to extreme heat, extreme humidity, or respiratory irritants. She could understand, remember, and carry out simple, routine, and repetitive instructions that avoided assembly line pace. She could tolerate few, if any, changes in the workplace. She could tolerate occasional contact with co-workers, supervisors, or the general public. She had to avoid group talks involving more than incidental public interaction. Tr. 813.

6. Through the date last insured, the claimant was unable to perform any past relevant work. Tr. 817.

7. Plaintiff was born on April 1, 1972 and was 43 years old, which is defined as a younger individual age 18-49, on the date last insured.

8. Plaintiff has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled" whether or not she has transferable job skills.

10. Through the dated last insured, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, such as a document preparer, eyeglass final assembler, and jewelry preparer. Tr. 818.

Consequently, the ALJ concluded that Plaintiff is not disabled as defined by the Social Security Act through June 30, 2015, the date last insured.

## DISCUSSION

The Commissioner concedes that it erred by failing to ask the consultative medical examiner how many days in an average month Plaintiff would expect to be absent from work as a result of her impairments. The Commissioner also concedes that the second ALJ, Katherine Weatherly, failed to provide legally sufficient reasons for rejecting the opinion of the consultative medical examiner, Dr. Storm and for rejecting Plaintiff's subjective symptom

Page 5 of 9 – OPINION and ORDER

testimony. Therefore, the only issue for the Court is to determine if the improperly discounted evidence should be credited as true and the case remanded for immediate calculations of benefits or if it should be remanded for further proceedings. For the reasons below, the case is remanded for immediate calculation and payment of benefits.

I. **Legal Standard.**

Credit-as-true analysis is well settled, longstanding and binding on the district courts. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Smolen v Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under the credit-as-true rule, a reviewing court should remand for a finding of disability and award of benefits if: (1) The ALJ has failed to provide legally sufficient reasons for rejecting medical opinions or a claimant's testimony; (2) there are no outstanding issues to be resolved before a determination of disability can be made; and (3) the ALJ would be required to find the claimant disabled if the improperly rejected evidence were credited. *Smolen*, 80 F.3d at 1292.

### 1) The ALJ failed to provide legally sufficient reasons for rejecting Dr. Storm's opinion and Plaintiff's testimony.

The Commissioner concedes that the ALJ failed to provide legally sufficient reasons for rejecting the medical opinion evidence of Dr. Storm and failed to properly evaluate Plaintiff's subjective symptom testimony. This prong of the credit-as-true doctrine is met.

### 2) There are no outstanding issues to be resolved before a determination of disability can be made, and the ALJ would be required to find Plaintiff disabled if Dr. Storm's report and Plaintiff's testimony were credited as true.

The second and third prong of the analysis are overlapping in this case and the Court will address them together here. The medical opinion given by Dr. Storm, ordered by the Commissioner on remand from the previous appeal of this case, was improperly rejected by the ALJ. If it were credited as true, it clearly establishes the Plaintiff's disability. Additionally, this

Page 6 of 9 – OPINION and ORDER

opinion provides support for Plaintiff's subjective symptom testimony, which also establishes disability. Therefore, there are no outstanding issues to be resolved, and the second and third prongs are met.

The Commissioner argues that there are outstanding issues to be resolved on remand. First, to determine whether Plaintiff became disabled between December 18, 2012, and June 30, 2015, her date last insured. Tr. 808-09. The Commissioner notes that Dr. Storm qualified her opinion by stating that while the limitations "likely" started more than one year prior to her 2019 opinion, it was "unclear how much longer" they had existed. Tr. 1123. In addition, there is some contradiction in the record given by the testifying medical expert, Dr. McKenna. Second, the Commissioner argues that the record is not fully developed because the Court's prior remand order was not followed, and the information regarding the number of days Plaintiff would be absent from work was not sought, evaluated, or received. Third, the Commissioner asserts that there is serious doubt that the Plaintiff is disabled. The Court disagrees that any of these issues require remand for further consideration.

First, Dr. Storm affirmatively opined that it is "likely" that Plaintiff's limitations began more than one year prior to her examination of Plaintiff, and a review of the record shows that it is more than likely, based on Plaintiff's medical history, work history, absenteeism, and her own testimony, which has not been properly discredited. Additionally, there is no finding in the record that Plaintiff's impairments worsened in the time between her date last insured and the date Dr. Storm examined Plaintiff in September 2019. Therefore, this is not an issue the Court finds must be resolved on remand because there is nothing in the record indicating that Plaintiff's condition was significantly different on her date last insured.

Page 7 of 9 – OPINION and ORDER

Second, Dr. Storm's opinion that Plaintiff could not sustain function for more than five hours in an eight-hour workday and would have to lie down or sleep for the other three hours indisputably supports Plaintiff's claim of disability. This limitation is inconsistent with full-time work. This opinion also supports Plaintiff's specific testimony that her impairments leave her chronically exhausted and capable of only short periods of productivity followed by hours-long rest periods. The Commissioner concedes that the ALJ did not give legally sufficient reasons to discount either Dr. Storm's opinion or Plaintiff's testimony. If both are credited as true, there are no issues left to resolve in order to find Plaintiff incapable of full-time work. Therefore, there is no need to remand for further proceedings.

### 3) The Court must remand for an award of benefits.

The Court is mindful of its duty not to substitute its discretion for that of the agency. *See Brown-Hunter*, 798 F.3d at 754. However, if all three requirements [of the credit-as-true analysis] are satisfied, the Court must remand for an award of benefits unless "the record as a whole creates serious doubt that the claimant is, in fact, disabled . . . ." *Garrison*, 759 F.3d at 1021. The Court has found no serious doubt regarding Plaintiff's disability in this case. It is clear she has suffered from her impairments for years, and that she understandably struggled to maintain employment as a result. The Court must remand for an award of benefits.

The Commissioner's own failure to follow the remand orders of this Court and the ALJ's failure to adequately consider the medical and testimony evidence in this case are insufficient reasons to continue to unnecessarily delay an award of benefits that is clearly required.

**ORDER**

Based on the foregoing, the decision of the Commissioner is REVERSED and REMANDED for an immediate calculation and payment of benefits.

It is so ORDERED and DATED this 30 day of March, 2022.

MARK D. CLARKE
United States Magistrate Judge